STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ODDS ON RACING, an Illinois general partnership; DANA PARHAM and ROBIN SCHADT, as general partners of ODDS ON RACING,<br><br>Defendants. | Case No.: 2:10-cv-0816<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Odds On Racing ("Odds On"), Dana Parham ("Mr. Parham") and Robin Schadt ("Ms. Schadt;" collectively with Odds On and Mr. Parham known herein as the "Defendants"), on information and belief:

**NATURE OF ACTION**

1.   This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Odds On is, and has been at all times relevant to this lawsuit, an Illinois general partnership.

5. Attempts to obtain evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Odds On is not a formally organized business entity.

6. Mr. Parham and Ms. Schadt are, and have been at all times relevant to this lawsuit, the general partners of Odds On.

7. Despite a lack of formal organizational status, Odds On is, and has been at all times relevant to this lawsuit, a business for profit.

8. Mr. Parham and Ms. Schadt shared and continue to share in the profits of Odds On.

9. At all times relevant, the conduct of Mr. Parham and Ms. Schadt, general partners of Odds On, constituted and continues to constitute an Illinois general partnership.

10. Odds On is, and has been at all times relevant to this lawsuit, identified by the current registrar, Domainbank.com ("Domainbank"), as the registrar for the Internet domain found at <oddsonracing.com> (the "Domain").

11. Odds On is, and has been at all times relevant to this lawsuit, transacting business at www.oddsonracing.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

12. Mr. Parham is, and has been at all times relevant to this lawsuit, a general partner of Odds On.

13. Ms. Schadt is, and has been at all times relevant to this lawsuit, a general partner of Odds On.

14. Ms. Schadt is, and has been at all times relevant to this lawsuit, identified by Domainbank as the administrative and technical contact for the Domain.

15. Mr. Parham is, and has been at all times relevant to this lawsuit, identified in the content accessible through the Domain as the "owner" of the Website, as evidenced by the "About Us" webpage of the Website, attached hereto as Exhibit 1.

## JURISDICTION

16. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

17. Odds On purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

18. Mr. Parham purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

19. Ms. Schadt purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

20. Righthaven is the owner of the copyright in the literary work entitled "Demanding horse owners keep heat on trainers" (the "Work"), attached hereto as Exhibit 2.

21. The Defendants copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

22. On or about February 12, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

23. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

24. The Defendants' unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website is purposefully targeted at Nevada residents.

25. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

26. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content of specific interest to Las Vegas, Nevada residents, including a glossary of gambling terms, wagering assistance tools, and sports handicapping information.

## VENUE

27. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

## FACTS

28. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

29. Righthaven is the owner of the copyright in the Work.

30. The Work was originally published on February 12, 2010.

31. On May 6, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007139356 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

32. Mr. Parham is, and has been at all times relevant to this lawsuit, a general partner of Odds On.

33. Ms. Schadt is, and has been at all times relevant to this lawsuit, a general partner of Odds On.

34. Mr. Parham is, and has been at all times relevant to this lawsuit, identified in the content accessible through the Domain as the owner of the Website.

35. No later than February 12, 2010, the Defendants displayed the Infringement on the Website.

36. The Defendants replaced the Work's original title, "Demanding horse owners keep heat on trainers," with a new title, "Pressures of the Game."

37. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

38. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

39. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 38 above.

40. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

41. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

42. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

43. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

44. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

45. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

46. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

47. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

48. Odds On has willfully engaged in the copyright infringement of the Work.

49. Mr. Parham has willfully engaged in the copyright infringement of the Work.

50. Ms. Schadt has willfully engaged in the copyright infringement of the Work.

51. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

52. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Domainbank and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-eighth day of May, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff